ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ISLAND PORTFOLIO SERVICES, LLC, como agente de ACE ONE FUNDING, LLC<br><br>Peticionario<br><br>v.<br><br>DAMARIS E. SANTIAGO RIVERA<br><br>Recurrida | TA2026CE00253 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2024CV00843<br><br>Salón: 500-a<br><br>Sobre: Cobro de Dinero – Ordinario |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Compareció Island Porfolio Services LLC, como agente de Ace One Funding, LLC (en adelante, "Island Porfolio" o "peticionario") mediante el recurso de *Certiorari* de epígrafe presentado el 2 de marzo de 2026. Nos solicitó la revisión de la *Resolución Interlocutoria* emitida el 2 de febrero de 2026 y notificada el 4 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (en adelante, "foro de instancia"). En la aludida resolución, el foro de instancia denegó una moción para que se diera por admitido un requerimiento de admisiones por haber sido contestado fuera del término reglamentario.

Por los fundamentos que expondremos a continuación, se **deniega** el auto de *Certiorari.*

**-I-**

El 20 de septiembre de 2024, Island Porfolio instó una *Demanda[1]* sobre cobro de dinero contra la Sra. Damaris E. Santiago Rivera (en adelante, "señora Santiago Rivera" o "recurrida").

Tras la presentación de la *Contestación a Demanda[2]* por esta última, el 8 de julio de 2025, Island Porfolio cursó a la señora Santiago Rivera—como parte del descubrimiento de prueba— el Requerimiento de Admisiones y Producción de Documentos.[3]

El 5 de septiembre de 2025, el foro de instancia celebró la conferencia inicial en la cual concedió a la señora Santiago Rivera un término adicional de veinte (20) días para someter el requerimiento de admisiones y documentos.[4]

El 26 de septiembre de 2025, Island Porfolio presentó su *Moción sobre admisión automática de requerimiento de admisiones[5]*, debido a que la señora Santiago Rivera no remitió sus admisiones o negaciones juramentadas dentro del término concedido para ello y, en alternativa, tampoco solicitó una prórroga.

Luego, el 2 de octubre de 2025, la señora Santiago Rivera cursó a Island Porfolio su contestación a requerimiento de admisiones.[6]

Ante esto, el 2 de diciembre de 2025, el foro de instancia celebró una vista para atender las mociones relacionadas al requerimiento de admisiones y, en corte abierta, declaró no ha lugar la solicitud para que se de por admitido automáticamente el requerimiento de admisiones por tardío.[7] Posteriormente, el 4 de febrero de 2026, el foro de instancia notificó una *Resolución Interlocutoria* mediante la cual hizo constar su denegación sobre la

---

[1] SUMAC-TPI, entrada núm. 1.
[2] *Id.*, entrada núm. 17.
[3] *Id.,* entrada núm. 20.
[4] *Id.*, entrada núm. 28.
[5] *Id.*, entrada núm. 30.
[6] *Id.*, entrada núm. 31
[7] *Id.*, entrada núm. 38.

*Moción solicitando la admisión automática del requerimiento de admisiones.*[8]

Inconforme con lo anterior, Island Porfolio acudió ante nos mediante el recurso de epígrafe y esbozó el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción y actuar en contravención a lo dispuesto en la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, al negarse a dar por admitido un Requerimiento de Admisiones que la parte demandante-recurrida no contestó ni objetó dentro del término mandatario de veinte (20) días, condicionando incorrectamente el remedio automático de dicha regla al cumplimiento de otras obligaciones de descubrimiento de prueba por parte del demandante-recurrente.[9]

Por su parte, la señora Santiago Rivera presentó su *Escrito de mostrar causa por la cual no se debe expedir el auto de certiorari.*[10]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

## A. *Certiorari*

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

---

[8] *Id.,* entrada núm. 42.
[9] SUMAC-TA, entrada núm. 1, pág. 8.
[10] *Id.,* entrada núm. 6.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nos, el peticionario alega que el foro de instancia erró y abusó de su discreción al negarse a dar por admitido el requerimiento de admisiones que la recurrida no contestó dentro del término concedido para ello, conforme a la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33.

Tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, no encontramos razones para expedir el auto y revisar la determinación recurrida. Tampoco surge del expediente —ni el peticionario no ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. La exposición del peticionario no nos mueve para inmiscuirnos en el manejo del caso o en la discreción del foro de instancia. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

## -IV-

Por los fundamentos expuestos previamente, se **deniega** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones